

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JAVARUSE RAYMONE HARDY, | § | |
| | | No. 08-14-00044-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | Criminal District Court No. 2 |
| THE STATE OF TEXAS, | § | |
| | | of Dallas County, Texas |
| Appellee. | § | |
| | | (TC# F-1314092-I) |
| | § | |

## MEMORANDUM OPINION

Javaruse Raymone Hardy appeals the trial court's judgments convicting him of aggravated robbery as charged in the indictment, and the assessment of 24 years' incarceration in the Texas Department of Criminal Justice, Institutional Division. We affirm.[1]

### FACTUAL AND PROCEDURAL BACKGROUND

After being indicted for the two offenses identified above,[2] Hardy entered open pleas of guilty before the judge. In conjunction with his open pleas, Hardy judicially confessed and signed plea admonishments, which adequately informed him of his rights. In the written Court's Admonishments, Hardy waived his rights and acknowledged that his "statements and waivers

---

[1] This case was transferred from our sister court in Dallas, and we decide it in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

[2] This is a companion case to Appeal No. 08-14-00045-CR.

[were] knowingly, freely, and voluntarily made with full understanding of the consequences."

At the plea hearing, the trial court accepted Hardy's plea after ascertaining that he understood the charge against him and the range of punishment. The trial court found Appellant guilty as charged in both indictments and imposed a sentence of 24 years' confinement in the Institutional Division, to run concurrently.

## *ANDERS* BRIEF

Hardy's court-appointed appellate attorney has filed an *Anders* brief in support of his Motion to Withdraw as Appointed Counsel on Appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. [panel opinion] 1978)(adopting the *Anders* procedure); *see also Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex.Crim.App. 1991). Pursuant to *Anders*, an attorney appointed to represent the appellant in an appeal from a criminal conviction has no duty to pursue a frivolous matter on appeal. *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400. Counsel was thus permitted to withdraw after informing the court of his conclusion and the effort he made in arriving at that conclusion. *Id.*

In this case, Hardy's attorney on appeal has thoroughly searched the record and concluded that any issue raised on appeal would be frivolous and without merit. Counsel states that after a close review of the record, he found no issues to raise that would not be frivolous. In accordance with *Anders'* requirements, counsel has moved to withdraw.

Counsel's brief presents a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced; therefore it meets *Anders'* requirements. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. Counsel properly notified Hardy of the *Anders* brief and provided him with a copy, advised him of his right to examine the appellate record and file a *pro se*

2

brief, and has informed this Court, in writing, that he performed the foregoing requirements. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex.Crim.App. 2008). Counsel also satisfied his obligation to take concrete measures to initiate and facilitate the process if his client wishes to exercise his right to file a *pro se* appeal by providing Hardy with a copy of the appellate record, a copy of this brief, his "Motion to Withdraw as Appointed Counsel on Appeal," and an explanation of his client's right to file a *pro se* brief, which he sent by certified mail addressed to Javaruse Raymone Hardy No. 1902736, at his current address in the Joe F. Gurney Unit of Texas Department of Criminal Justice-Institutional Division, with an explanation of his rights to file a *pro se* brief. Hardy has not filed a *pro se* brief.

## INDEPENDENT REVIEW

When counsel files a proper *Anders* brief, the court of appeals must then conduct its own review of the record to ascertain if there are any arguable grounds for the appeal. *See Schulman*, 252 S.W.3d at 409; *Stafford*, 813 S.W.2d at 511. We have thoroughly reviewed the record and counsel's brief in this case, and we agree with counsel's professional assessment that the appeal is frivolous and without merit. Because there is nothing in the record that might arguably support the appeal, a further discussion of the arguable grounds advanced in counsel's *Anders* brief would add nothing to the jurisprudence of the State.

## CONCLUSION

We affirm the trial court's judgment.

STEVEN L. HUGHES, Justice

February 4, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

3